# HOUBIGANT, INC. v. UNITED STATES

No. 5484.—Invoice dated Paris, France, May 14, 1940.
Entered at New York February 18, 1941.
Entry No. 743810.

(Decided October 30, 1941)

B. A. Levett (Meyer Ohlbaum of counsel) for the plaintiff.
Charles D. Lawrence, Acting Assistant Attorney General (Daniel I. Auster, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Paul P. Rao, Assistant Attorney General, attorney for the defendant and B. A. Levett, Attorney for the plaintiff, subject to the approval, of the Court, that the merchandise covered by the above numbered reappraisement consists of bottles, vaporisateurs, capsules and pots, the bottles being similar in all material respects to the merchandise the subject of United States vs. Guerlain, Inc., decided in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Sec. 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the above numbered reappraisement is the same as the issue involved in the case of United States vs. Guerlain, Inc., supra.

It is further stipulated and agreed that the appraised value of the merchandise here involved, less the addition made by the importer on entry under duress to meet the advances of the appraiser in similar cases, is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

The reappraisement is waived as to all merchandise except bottles, vaporisateurs, capsules and pots.

It is further stipulated by the undersigned as counsel for the plaintiff, that he has personally examined the reappraisement covered by this stipulation and of his own knowledge certifies that said reappraisement has been properly signed and filed in time.

The reappraisement is submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the bottles, vaporisateurs, capsules, and pots

such values are the appraised values, less the additions made by the importer on entry under duress to meet the advances of the appraiser in similar cases.

The appeal having been waived insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed. Judgment will be rendered accordingly.